It appeared, in this case, that the complainant, together with one Roulston, being indebted to M'Nutt, Findlay, Co., in the sum of § 2,450, gave two notes, with the defendant and Lancaster sureties for the same, payable in 1807 and 1808. In 1811, the greater part of the notes being unpaid, Vance and Roulston conveyed two tracts of land absolutely to Lancaster, and Lancaster the same day executed a bond to them in $1,000, stating the land was conveyed to Lancaster to indemnify him in being their surety, and that Lancaster agreed to pay one-third part of the balance due on said notes to the said firm. On the same day Lancaster executed another bond to Vance alone in $1,000, with the following condition, "whereas Vance has made a conveyance to Lancaster of 640 acres, to keep him from suffering as surety for Vance and Roulston for a sum contracted with M'Nutt, Findlay Co.; now if Vance shall pay up the debt, and costs if any there be, to said firm, or keep the said Lancaster indemnified to any suit or suits that may be brought against him on that account, by paying up such costs aforesaid, by putting sufficient good property in Smith county, so as to keep the said John from damages, or to pay up the said John Lancaster the full amount of said debt, interest and costs, on or before the first day of April, 1812, and by that means, the said John Lancaster reconvey the said land back to the said Vance." Lancaster did not pay the one-third part or any part of the sum due to M'Nutt, Findlay Co., and in the year 1811 judgments were rendered against him, on the above notes, for the balance due. Before December term of said court, Lancaster paid part of said recoveries levied of him by execution, and at *Page 131 
said December term, upon motion, took judgment against said Vance and Roulston for the amount recovered against him by said firm, with interest and costs, besides costs of the motion, which last judgment against Vance and Roulston has been since by them paid to Lancaster. The bill is brought to compel a reconveyance of the tract of land before mentioned, conveyed to Lancaster by Vance upon the above case. This is resisted by the defendant, who says that his property, having been sold much under its value upon the executions against him aforesaid as surety for complainant, that the complainant is not entitled to a decree of this court unless he, the defendant, is allowed the difference money between the real value of his property and its product upon said execution; and to this point he offered to introduce testimony, which was objected to by the complainant. This court is of opinion that such testimony in this case ought not to be received. For first, admitting that some one stipulation in the bond given by Lancaster to Vance was sufficiently comprehensive in its terms to carry extraordinary damages, or the damages claimed by consequence, yet this stipulation would be subject to the control of any other stipulation contained in any of those bonds that might have an operation upon it if contained in the same bond; for it is a rule of law that several deeds made at the same time to effect one object will be construed as one assurance, and each shall have its distinct operation to carry on the main design; or, in other words, all deeds in pari materia are to be construed together. 1 Powell, 410. Now, in the bond given by Lancaster and Vance to Roulston, Lancaster agrees to pay a third part of the debt due and paid upon these notes at that time, and there is no allegation, even in the answer, that ho did this. This payment, upon a fair construction of the subject, must he taken to be a then present or immediate payment, from a subsequent clause of repayment; and in *Page 132 
this view, operating as a condition precedent, would control the operation of the clause for extraordinary damages, secondly, upon these bonds, other oases are made by the parties, the performance of either of which by Vance discharges his part of the obligation, and entitles him to have a performance by Lancaster of his part. One of these cases is expressed in these words: "Now if the said Vance shall pay up the debt and costs, if any there be, to the said firm." Now if Lancaster did any act inconsistent with this case, it may be fairly considered as amounting to a dispensation therewith. What are the facts relative to this? Vance having it in his power at any time before the 1st of April, 1812, to pay up the debt due to the firm of M'Nutt, Findlay Co., and costs, for which Lancaster, was his surety, in December, 1811, Lancaster, by motion, as surety, takes a judgment against Vance and Roulston for the amount of the recovery of this debt against him in June, 1811, with costs. How do the rights of these parties now stand? Lancaster, before and at the time he took judgment against Vance and Roulston as their surety, must have paid as surety the debt due to M'Nutt, Findlay Co.; for this was the gist of his recovery against Vance and Roulston. He, at that time, was entitled to these extraordinary damages, if entitled at all, and by the judgment they must have past in rem judicatam. He can not now be permitted to say that they were not then passed upon, and not included in the judgment; for the law, discouraging a multiplicity of suits, will not permit a cause of action to be divided, and sustain the suit for a part of the demand only. In this view, also, the testimony is inadmissible. But again: Lancaster having discharged the debt due to M'Nutt, Findlay Co., by this judgment against Vance and Roulston has dispensed with the payment thereof to be made by Vance on or before the first day of April, 1812, having done it himself previous to that time; and having made Vance and Roulston his *Page 133 
debtors to the amount for the same — the testimony offered ought not to be admitted.